IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                Petitioner,

v.

MICHAEL DITTMANN,

                Respondent.

OPINION & ORDER

17-cv-642-jdp

---

Petitioner James Robert Turner has filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges two judgments of conviction entered in the Circuit Court for Racine County in 1988. Turner was accused of raping an 82-year-old woman in her home. He was convicted of three counts of sexual assault, one count of armed burglary, one count of robbery by use of force, once count of false imprisonment, and one count of aggravated battery, all as a habitual offender. The court has granted Turner leave to proceed without prepayment of the filing fee, so the petition is ready for review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that the petitioner is not entitled to relief.

In his petition, Turner contends that (1) his trial and appellate counsel were ineffective for failing to argue that his double-jeopardy rights were violated when he was convicted of three counts of sexual assault; (2) the trial court judge was biased against him; (3) the prosecutor tainted a witnesses testimony by first showing the witness a photo array including Turner; (4) and the trial court judge violated his impartiality by referring to his own mother during the sentencing.

My review of the petition and available electronic records shows that the petition does not appear to be timely. Under 28 U.S.C. § 2244(d), a petitioner has one year to apply to a federal court for a writ of habeas corpus. The one-year limitation period begins to run from the latest of: (1) the date judgment is final; (2) the date on which an impediment to filing, created by government action in violation of the federal constitution or laws, is removed; (3) the date on which a federal constitutional right is newly recognized and made retroactively applicable by the Supreme Court; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. Section 2244(d)(1)(A)–(D). Turner was convicted in 1988, so § 2244's time limit did not originally apply to him, but the one-year limitations period began to run from April 24, 1996, the date the limitation went into effect. *Carey v. Saffold*, 536 U.S. 214, 217 (2002).

Turner states that he litigated several postconviction motions since then. The full record of those proceedings is not readily available, but even assuming that one of Turner's claims fulfills one of the § 2244(d) categories listed above, the Wisconsin Supreme Court denied review of his final postconviction-motion appeal in 2010, seven years before he filed this habeas petition. *See State v. Turner*, Case Nos. 2008AP2324 and 2008AP2325. Thus it seems likely that Turner filed this habeas petition at least six years too late. Or if Turner means to say that he did not exhaust one of his claims by litigating it through the state courts, he has almost certainly procedurally defaulted that claim.

There are potential exceptions to these rules that could apply to Turner, although they are rarely granted. The one-year limitations period is subject to equitable tolling if the petitioner shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631,

649 (2010). But Turner has not offered any reason to conclude that equitable tolling would be appropriate in this case.

Turner may also avoid the one-year time limit by arguing for an equitable exception based on a claim of actual innocence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). To qualify for this narrow exception, Turner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). Turner must show "that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup*, 513 U.S. at 327). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

Finally, even if Turner has procedurally defaulted his claims, habeas review remains available if he can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" for the default means "that some objective factor" prevented compliance with the state's procedural rules. *Id.* at 753. "Prejudice" means that the alleged violations "worked to [the petitioner's] *actual* and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004) (original emphasis). A fundamental miscarriage of justice occurs when the petitioner presents evidence showing that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

I will give Turner an opportunity to explain why his petition should not be dismissed. Turner should address both the timeliness of his petition and procedural default because either deficiency, alone, would require dismissing his petition. To overcome the issue of timeliness, Turner must provide any information that he has to show that: (1) the petition is timely under § 2244(d); (2) he qualifies for equitable tolling; or (3) he should be excused from the one-year limitations period because he is actually innocent. As for the issue of procedural default, he must identify: (1) what cause he may have for failing to properly present his defaulted claims to the state courts and what prejudice he will suffer as a result of his failure to properly raise these claims; or (2) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If Turner fails to show that he is entitled to exceptions from the timeliness or procedural default rules, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner James Robert Turner may have until May 14, 2018, to respond to this order and show cause why his petition should not be dismissed.

Entered April 16, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge