IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES ROBERT TURNER,

                     Petitioner,

  v.

MICHAEL DITTMANN,

                     Respondent.

OPINION and ORDER

17-cv-642-jdp

---

Petitioner James Robert Turner has filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges two judgments of conviction entered in the Circuit Court for Racine County in 1988. Turner was accused of invading the homes of two elderly women and assaulting them. After a jury trial, he was convicted of numerous felonies, including armed burglary, armed robbery, substantial battery, kidnapping, false imprisonment and three counts of sexual assault, all as a habitual offender. In an order entered on April 16, 2018, I directed Turner to supplement his petition with information showing why his petition should not be dismissed as untimely or procedurally defaulted. Dkt. 5. Turner has responded, but none of his arguments are sufficient to excuse his untimeliness. Therefore, I am dismissing Turner's petition.

ANALYSIS

As I explained in April 16 order, under current law a petitioner generally has one year from the date the challenged conviction became final to file a habeas petition under § 2254. 28 U.S.C. § 2244(d). Because Turner was convicted in 1988, the one-year limitations period in § 2244(d) began to run from April 24, 1996, the date the limitation went into effect. *Carey*

*v. Saffold*, 536 U.S. 214, 217 (2002). Turner filed several postconviction motions in state court, which may or may not have been "properly filed application[s] for state post-conviction or other collateral review" that tolled the one-year limitations period under 28 U.S.C. § 2244(d)(2). But even if I assume that all of Turner's state-court motions tolled the limitations period, Turner's judgment of conviction became final, at the very latest, in 2011, after the Wisconsin Supreme Court denied review of his final postconviction-motion appeal. *See State v. Turner*, Case Nos. 2008AP2324 and 2008AP2325. Turner did not file his habeas petition until August 17, 2017, more than six years too late.

The one-year deadline may be tolled under the doctrine of equitable tolling if a petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018). Equitable tolling is rare and "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014).

In his response to the April 16 order, Turner argues that his petition should not be dismissed because he has a learning disability and a speech disorder, and he must depend on other prisoners to assist him with legal filings. Dkt. 6 at 6. This argument is not sufficient to invoke the extraordinary remedy of equitable tolling. Despite his alleged mental impairments, Turner has managed to file several pro se motions in state court challenging his convictions and has filed numerous cases challenging prison conditions in this court. Turner provides no explanation as to why he was able to litigate those cases but could not file a timely habeas petition. If Turner is suggesting that his habeas petition was more complicated and required

more legal expertise, Turner's lack of legal training is not sufficient to justify equitable tolling. *See Socha*, 763 F.3d at 685 ("lack of representation," "lack of legal training'" and "lack of legal knowledge" are not enough to justify equitable tolling).

Turner also argues that he qualifies for an equitable exception to the one-year deadline in § 2244(d)(1) because he has a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To qualify for this narrow exception, Turner would need to present "evidence of innocence so strong" that "'in light of the new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (*quoting Schlup v. Delo*, 513 U.S. 298, 316, 327 (1995)). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). In this instance, Turner's evidence is neither new nor so strong that it undermines his guilt.

Turner points to two pieces of evidence to support his claim of actual innocence. First, he points to the testimony of the crime lab analyst regarding DNA recovered from one of the victims. Dkt. 6-5. This evidence is not new. It was presented at trial and considered by the jury. The evidence also does not establish Turner's innocence. Turner argues that the testimony confirms that he was not the perpetrator of the assault, but that is not what the crime lab analyst said. The crime lab analyst testified only that he could not determine whether the DNA evidence came from Turner and that there were ways to interpret the data that would preclude Turner from being the source of some of the DNA. This evidence does not support a claim of actual innocence.

Second, Turner points to a document he obtained from law enforcement in 2014 as evidence of his innocence. Dkt. 6-4. The document states that an informant told law

3

enforcement that the perpetrator of one of the assaults fled to a particular address. The document then lists several names of people associated with that address. Turner argues that law enforcement should have considered the people on the list as suspects and should have tested their DNA. Assuming this document was not presented at trial, it may meet the standard for "new" evidence. However, the document is not evidence of Turner's innocence. Turner provides no information about who these people are or why he believes their existence undermines the evidence presented against him at trial. The document is just a list of names associated with an address and is not "evidence of innocence so strong" that, upon viewing it, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See House*, 547 U.S. at 536–37. Accordingly, Turner cannot rely on the actual innocence exception to excuse his untimely petition.

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

This petition should not proceed further. No reasonable jurist would disagree that Turner's petition is untimely and that he has failed to show that equitable tolling or an actual innocence exception should apply. Therefore, Turner is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner James Robert Turner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge